**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARLOS ARTURO LEAL MEDINA,**

      **Plaintiff,**

v.                                                     Case No.  8:14-cv-1094-T-27TBM

**TRANSPORTATION DEPARTMENT -**
**HILLSBOROUGH COUNTY SCHOOL**
**BOARD,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

As a threshold matter, however, the Court must determine whether Plaintiff's Complaint (Doc. 1) is frivolous or fails to state a claim, and therefore is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th

Cir. 1990). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, pro se litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff purports to sue Defendant, the Transportation Department of the Hillsborough County School Board in Tampa, Florida for discrimination by a filing made May

9, 2014. (Doc. 1). Plaintiff, a Hispanic male, is a former bus driver for Hillsborough County Public Schools. Given a fair reading to his "Complaint" and attachments, Plaintiff alleges that while working for Defendant, he was continually harassed by his managers and falsely accused in connection with a bus accident, thus suffering discrimination based on his national origin and termination of employment. An initial charge of discrimination based on national origin was filed with the EEOC on May 24, 2010. *Id.* at 8. Plaintiff claimed that he was targeted for harassment by Laura Dean, Magnet Ramp Lead, who added work to his schedule without compensation and gave unrealistic times to perform maintenance on his vehicle. Moreover, Gayla Norris, Field Operations Supervisor, gave him a written reprimand for parking his bus in an unauthorized area. When he complained to upper management, nothing was investigated. *Id.* An amended charge of discrimination was filed on July 7, 2011, claiming discrimination based on national origin and retaliation. *Id.* at 7, 10. Plaintiff alleged that in addition to his previous claims, he had been unfairly accused of using his bus for personal reasons and for leaving the scene of an accident that occurred in May 2011,[1] and that his employer was using the incident to terminate him in retaliation for his previously filed charge.

      According to his EEOC filings, Plaintiff sues Defendant for discrimination against him because of his national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964. However, in order to bring such an employment discrimination claim in federal

---

[1] The exact accident date is unclear. A May 26, 2011 interoffice communication from John Franklin, General Manager of Transportation and a June 6, 2011 letter from Defendant to Plaintiff indicate an accident date of May 15, 2011. (Doc. 1 at 11-12). However, an August 3, 2011 letter from Defendant to Plaintiff notes an accident date of May 17, 2011. *Id.* at 14. In addition, Plaintiff's Charge of Discrimination with the EEOC states an accident date of May 19, 2011. *Id.* at 7, 10.

court, two jurisdictional prerequisites must be fulfilled.  A plaintiff must: (1) file timely charges of employment discrimination with the Commission, and (2) receive and act upon the Commissioner's statutory notice of the right to sue.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).  Specifically, Title VII of the Civil Rights Act of 1964 requires that suit be brought within ninety days after receipt of the notice of right to sue.  42 U.S.C. § 2000(e)-5(f); *see also Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1086 (11th Cir. 1982).  After review of Plaintiff's pleadings, it is presently unclear that he has complied with these prerequisites

At the outset, a review of the EEOC Dismissal and Notice of Rights fails to clearly indicate the date the notice was mailed, (Doc. 1 at 6), and thus raises the question of whether or not Plaintiff has a right to sue for the alleged discrimination.  Moreover, the allegations in the Complaint itself do not set forth a plain statement of any claim showing he is entitled to relief.  Accordingly, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2).  It is further recommended that the Court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

    Respectfully submitted on this
    30th day of June 2014.

    THOMAS B. McCOUN III
    UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
*Pro se* Plaintiff